IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30250
Summary Calendar

_____


LOUIS MARKS,

                    Plaintiff-Appellant,

v.

R J REYNOLDS TOBACCO COMPANY, ET AL,

                    Defendants,

R J REYNOLDS TOBACCO COMPANY; PHILLIP MORRIS
INCORPORATED,

                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(93-CV-1496)
_____
October 8, 1996
Before KING, GARWOOD, and DENNIS, Circuit Judges.

PER CURIAM:[*]

       Louis Marks ("Marks") brought suit against R.J. Reynolds

Tobacco Company ("R.J. Reynolds") and Phillip Morris Incorporated

("Phillip Morris"), claiming appellees' cigarettes caused his

---

       [*]Pursuant to Local Rule 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in Local Rule 47.5.4.

wife Verna Marks ("Mrs. Marks") to die of lung cancer.  The trial

court granted R.J. Reynolds and Phillip Morris's motion for

partial summary judgment.  Finding no error, we affirm.

## I.  BACKGROUND

Marks's suit alleges that his wife, Mrs. Marks, was diagnosed with cancer on July 10, 1991 and died on November 3, 1991.  Mrs. Marks apparently smoked cigarettes from approximately 1952 to 1980.  Marks asserts that Mrs. Marks's cancer resulted from smoking appellees' cigarettes.

Marks's complaint alleged six claims.  R.J. Reynolds and Phillip Morris moved for summary judgment on four of the six claims, arguing they were eliminated by the Louisiana Products Liability Act ("LPLA").  The district court agreed, granted the motion, and entered judgment on those claims under FED. R. CIV. P. 54(b).  Marks appeals, arguing that, contrary to this court's decision in *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524 (5th Cir. 1995), in the case of a long-term exposure to an alleged carcinogen, the time of the exposure, not the date at which the cancer manifests itself, should be considered to establish the accrual of the claimant's cause of action.  Marks also argues that there is an unresolved issue of material fact because Mrs. Marks "necessarily" was damaged by the cigarettes prior to the 1988 effect date of the LPLA and thus, meets the criteria set forth in *Brown* for maintaining his cause of action.

## II.  DISCUSSION

### A.  STANDARD OF REVIEW

The entry of summary judgment is mandated if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56. Thus, the moving party must demonstrate the absence of a genuine issue of material fact. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). If the movant meets this burden, the nonmovant must go beyond the pleadings and designate specific facts showing a genuine fact issue for trial. *Id.* Factual controversies are resolved in favor of the nonmoving party, but only when there is an actual controversy. *Id.*

**B. NO EXPOSURE THEORY**

Marks argues that the time of exposure should be the determining factor in establishing the accrual of a claimant's cause of action under the LPLA because it is impossible to determine the exact point at which both damage and wrongful conduct coincide. This is the so-called "exposure theory." We explicitly rejected the exposure theory in *Brown*, finding that although an accrual test might at times be difficult to apply, "[t]he LPLA contains no language suggesting that the exposure rule or any other rule, other than the general rule [that focuses on the date the cause of action accrues], applies." *Brown v. R.J. Reynolds Tobacco Co.*, 52 F.3d 524, 527, 530 (5th Cir. 1995).

4

A panel of this court may not overrule the decision of a prior panel in the absence of an en banc reconsideration or a superseding decision of the Supreme Court or, in a diversity case, subsequent state court decisions that are clearly contrary to our prior decision. *Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181, 185 (5th Cir. 1995); *Pruitt v. Levi Strauss & Co.*, 932 F.2d 458 (5th Cir. 1991). As there has been no intervening law contradicting *Brown*, this panel may not overrule it, and Marks's assertion of the exposure theory must be rejected. Thus, summary judgment on this basis was proper.

## C. NO FACT ISSUES

Marks asserts, in the alternative, that even if we do not overrule *Brown*, summary judgment was improper because there is a genuine issue of material fact under the standards set forth in *Brown*. *Brown* concludes that although the LPLA eliminated certain causes of action, a plaintiff could proceed under those theories if the plaintiff showed that the cause of action accrued before the effective date of the LPLA, September 1, 1988. *Brown*, 52 F.3d at 527, 530. However, summary judgment is proper if the plaintiff "produced no evidence that he suffered damages or bodily injury, latent or otherwise, before September 1, 1988." *Id.* at 527. Thus, the key factor in our resolution of this case is evidence of damages or bodily injury.

Marks claims that because "[i]t is not contested for the purposes of this motion that cigarettes caused Mrs. Mark's [sic] cancer . . . . [and] that Mrs. Marks had stopped smoking eight years before the LPLA[,] [i]t necessarily follows that the cigarettes caused either damage or injury to the lungs before the 1988 LPLA effective date." Marks cites no medical or scientific summary judgment evidence for this proposition, but rests this conclusion on "logic."[1] Conclusory allegations and unsubstantiated assertions are not competent summary judgment evidence. *Light*, 37 F.3d at 1075. Furthermore, Marks's own expert witnesses, presented as R.J. Reynolds and Phillip Morris's summary judgment evidence, disagree with this logic. According to the summary judgment evidence record, Marks's experts stated in deposition testimony that rates of cancer progression vary from individual to individual and that it is *impossible* to determine when any specific person's cancer arose. The evidence further showed that Mrs. Marks had never even been diagnosed with *lung* cancer. Mrs. Marks is just like the plaintiff in *Brown*: both were long-time smokers whose cancer was diagnosed after the

---

[1] In his response to R.J. Reynolds and Phillip Morris's motion for summary judgment, Marks attached two letters from his experts. Each letter indicates the author's opinion that smoking exposure caused Mrs. Marks's cancer "within a reasonable degree of medical certainty." These letters were not sworn and thus are not competent summary judgment evidence. *See* FED. R. CIV. P. 56(e); *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987).

LPLA's effective date. *Brown*, 52 F.3d at 523. In *Brown*, we rejected any inference based solely on the timing of smoking by affirming the grant of summary judgment on the basis that Brown had not presented *any evidence* of injury or bodily damage prior to the diagnosis of his cancer, which was after the LPLA's effective date. *See id.* at 527. The relevant facts in this case are identical to those in *Brown*. Thus, the trial court's grant of partial summary judgment was proper.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's granting of partial summary judgment.