**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 96-10118

STEVE R. OSBORNE,

Plaintiff-Appellant,

VERSUS

HUGHES AIRCRAFT COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Nothern District of Texas

(4:95-CV-0341-A)

November 4, 1996

Before WISDOM, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Steve Osborne, appeals the district court's grant of summary judgment for the defendants. We review a grant of summary judgment *de novo.*[1] We affirm the judgment of the district

---

[*]Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1]   *Waltman v. International Paper Co.*, 875 F.2d 468, 474 (5th Cir. 1989).

court.

The plaintiff urges this Court to find two enforceable contracts in the present case. First, the plaintiff asserts that he had the benefit of an employment contract with Hughes Aircraft Company. Second, the plaintiff asks us to find that the defendant entered into an enforceable contract for future employment by promising the plaintiff that he would remain a part of the company after reorganization. Further, the plaintiff asserts tort claims for fraud, negligent misrepresentation, and detrimental reliance.

**Breach of Contract**

The district court granted summary judgment for Hughes Aircraft based on several conclusions. First, the district court determined that all evidence adduced led to the conclusion that the plaintiff was an at-will employee. We agree.[2] Under Texas law, this status enables an employer to terminate that employee for any reason or, alternatively, for no reason at all.[3]

Second, the district court concluded that, although the plaintiff asserted that an oral contract modified his at-will status, the employment contract alleged by the plaintiff was barred by the Statute of Frauds. In this point, we find that the summary judgment evidence may have demonstrated a genuine issue of

---

[2] See *Gerstacker v. Blum Consulting Engineers, Inc.*, 884 S.W.2d 845, 849 (Tex. Ct. App. 1994).

[3] *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991).

2

fact regarding the term of the alleged oral contract.[4]  The district court went on to conclude, however, that to the extent the plaintiff alleged a satisfaction contract, he had failed to raise any genuine issue of fact regarding his supervisor's good faith satisfaction with Osborne's performance.  After a thorough review of the record, we agree.  As such, assuming that the district court erred on the Statute of Frauds issue, we find that the error was harmless.

The district court also found that the alleged promise of future employment was not sufficiently definite to be enforced under Texas law.  We agree.[5]

**Negligent Representation, Fraud, and Detrimental Reliance**

The district court dismissed the plaintiff's tort claims, noting that where the alleged injury is economic loss to the

---

[4]  Ignoring the troubling fact that all of the conflicting evidence came from the plaintiff himself, we are bound to consider summary judgment evidence in the light most favorable to the non-moving party. *Lindsey v. Prive Corp.*, 987 F.2d 324, 327 (5th Cir. 1993).  The plaintiff alleged, at one time, that the term of the contract was until his retirement, if he performed well.  The plaintiff also alleged that the term was for at least three and one-half years, if he performed well.  A third time, the plaintiff alleged that the contract was to continue for no specific term, but rather as long as he performed well.  Although the specific term contracts are barred by the Statute of Frauds, the satisfaction contract is not. *Floors Unlimited Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181 (5th Cir. 1995). As such, the plaintiff may have adduced a genuine issue of fact.

[5]  See *Neely v. Bankers Trust Co.*, 757 F.2d 621,627-28 (5th Cir. 1985).

3

subject of the contract, the action sounds in contract alone.[6] These alleged tort claims may not be used to circumvent the Statute of Frauds.  Further, our review of the record reveals no genuine issue regarding the falsity of any of the alleged representations. Nor does the summary judgment record create any issue regarding the intent of the defendant to perform the alleged promise at the time it was made.  Accordingly, the district court properly granted summary judgment for the defendant.

**AFFIRMED.**

---

[6]     *Collins v. Allied Pharmacy Management, Inc.*, 871 S.W.2d 929, 936 (Tex. Ct. App. 1994).

4