# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-30333
Summary Calendar

DENNIS MULLEN,

Plaintiff-Appellant,

versus

BOYD GAMING CORPORATION;
TREASURE CHEST CASINO, LLC,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana
(96-CV-3038-T)

June 2, 1999

Before POLITZ, BARKSDALE, and STEWART, Circuit Judges.

POLITZ, Circuit Judge:[*]

Dennis Mullen appeals an adverse summary judgment in favor of Boyd

Gaming Corporation and Treasure Chest Casino on his American with Disabilities

Act of 1990 (ADA) claim.  For the reasons assigned, we affirm.

## BACKGROUND

In April, 1995, Mullen's physician recommended gastric bypass surgery for

---

[*]Pursuant to 5ᵀᴴ CɪR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CɪR. R. 47.5.4.

treatment of his morbid obesity. At six feet, Mullen weighed over four hundred pounds and suffered from various health problems connected with his excessive weight. At this time, Mullen was an employee of Treasure Chest Casino. The Treasure Chest employee benefits plan established and administered by Boyd Gaming provided that the plan would not cover any expenses caused by, or on account of:

> Surgical or invasive treatment, or reversal thereof, for reduction of weight, regardless of associated medical or physiological conditions, including treatment of the complications resulting from surgical treatment of obesity.

Mullen filed suit against Boyd Gaming and Treasure Chest Casino, claiming that the exclusion violated the ADA. Boyd Gaming and Treasure Chest Casino moved for summary judgment which the district court granted, finding that the plan's exclusion of weight loss treatment applied equally to all employees and was thus not violative of the ADA. Mullen timely appealed.

## ANALYSIS

Summary judgment is appropriate when the record discloses that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[1] In determining whether summary judgment was appropriate, we conduct a *de novo* review, judging the facts in the light most favorable to the non-movant.[2]

On appeal, Mullen disputes the district court's determination that the weight

---

[1] Fed. R Civ.P. 56(c); **City of Arlington v. FDIC**, 963 F.2d 79 (5th Cir. 1992).

[2] **Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.**, 55 F.3d 181 (5th Cir. 1995).

loss treatment exclusion applies equally to all employees. He contends that the plan excludes a procedure that is medically necessary only for a specific class of disabled individuals, namely, the morbidly obese. He maintains that because only the morbidly obese qualify for this treatment, and because they are recognized as disabled, the plan's exclusion of this treatment represents an impermissible disability-based distinction.

Under the ADA, insurance distinctions that apply equally to all insured employees – both those with and without disabilities – do not discriminate on the basis of disability, even though such distinctions may have a greater impact on individuals with disabilities.[3] The exclusion contained in Boyd Gaming's benefits is just such a distinction, as it applies to all who seek surgical or invasive treatment for weight, regardless of whether they are disabled. Despite his claim, Mullen has offered no proof that the treatment in question is required for or sought by the morbidly obese only,[4] or that the plan's exclusion is a subterfuge for discrimination.[5]

Agreeing with the district court that the benefits plan exclusion was not an impermissible distinction violative of the ADA, we conclude that Mullen's claim

---

[3]EEOC Interim Policy Guidance: ADA and Health Insurance, ADA Man. (BNA) 70:1051 (June 8, 1993); **Krauel v. Iowa Methodist Medical Center**, 95 F.3d 674 (8th Cir. 1996).

[4]EEOC Interim Policy Guidance: ADA and Health Insurance, ADA Man. (BNA) 70:1051 (June 8, 1993) provides that limits on medical procedures that are not exclusively or nearly exclusively utilized for a treatment of a particular disability are not distinctions based on a disability.

[5]42 U.S.C. § 12201(c); **Krauel**.

must fail, and the judgment appealed is AFFIRMED.