**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 99-50261
Summary Calendar

LADAWNIA D. JONES,

Plaintiff-Appellant,

VERSUS

LOUIS CALDERA,SECRETARY OF THE ARMY,

Defendants-Appellee.

Appeal from the United States District Court
for the Western District of Texas

(W-98-CV-371)

September 14, 1999

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Jones appeals the district court's grant of summary judgment in favor of Caldera on her sexual discrimination claim. We affirm.

Ladawnia Jones was appointed to a one-year probationary position as a firefighter at Fort Hood, Texas. Jones was a member of a group of eleven new firefighter trainees that would be trained over a twelve month period. Jones, as with all other trainees, was required to complete the Department of Defense Firefighter Certification program within her first eleven months of employment.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jones failed to pass an initial examination in the training program, scoring a 49 with the passing grade of 65. One male trainee, Jerry Orr, also failed the initial examination. Jones and Orr failed to pass the examination on their second attempt. Although trainees could only take the test only twice, Orr and Jones were permitted to re-take the exam. While Orr passed the exam on the third attempt, Jones failed the examination on her third attempt. Jones was permitted to take the exam on a fourth occasion but failed. As a result of failing to pass the certification test, Jones was terminated on March 18, 1995.

Jones filed a formal complaint of discrimination with the Equal Employment Opportunity Commission and a hearing was held before an Administrative Judge. The Administrative Judge found that Jones failed to establish a prima facie case of discrimination. Jones appealed to the EEOC Office of Federal Operations which also ruled that Jones failed to establish a prima facie case of discrimination regarding her termination. Jones filed a complaint in the district court which subsequently granted the appellee's motion for summary judgment.

Jones contends that the district court erred in granting summary judgment. We review the district court's grant of summary judgment *de novo*, applying the same standard as applied by the district court. *See Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181, 183 (5th Cir. 1995). Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We conclude that summary judgment was appropriate in this case.

Jones has failed to establish a prima facie case of gender discrimination. To establish a prima facie case, Jones must prove: (1) she is a member of a protected class; (2) she was qualified for the position that she held; (3) she was discharged; and (4) and after her discharge she was replaced with a person who is not a

2

member of the protected class.  *See Bauer v. Albemarle Corp.*, 169 F.3d 962, 966 (5th Cir. 1999).  Jones has not met the second criterion.  She received four opportunities to pass the required examination but failed on each occasion.  Therefore, she was not qualified to remain in the position of firefighter trainee.

AFFIRMED.