Joisephene CAMPAGNA, Appellant,

v.

**UNDERWRITERS AT LLOYD'S LONDON, Appellee.**

**No. 19119.**

Court of Civil Appeals of Texas, Dallas.

March 7, 1977.

Rehearing Denied March 31, 1977.

Thomas R. Hartnett, III, Dallas, for appellant.

Robert M. Greenberg, Greenberg & Bach, Dallas, for appellee.

ROBERTSON, Justice.

This is an action to recover an indebtedness under a fire insurance policy issued to appellant, Joisephene Campagna, as mortgagee, by appellee, Underwriters at Lloyd's London. After the property was destroyed, Campagna foreclosed on the mortgage (remaining balance of $2,551.03) and purchased the property for a stated consideration of $2,143.00. Campagna filed suit when Lloyd's rejected her claim. The trial court withdrew the case from the jury after Campagna rested and found that she was entitled to recover $408.03 ($2,551.03 minus $2,143.00) as a matter of law. Campagna contends she has a right to recover under the policy [1] the difference between the market value after the fire and the amount of the debt vested at that time. We affirm the judgment and hold the recited consideration in the trustee's deed is binding on both mortgagee and mortgagor in the absence of an invalid trustee's sale, and, therefore, parol evidence to modify the deed is inadmissible in subsequent litigation.

Campagna concedes that she would not be entitled to the insurance proceeds if the debt had been extinguished or actually reduced by the consideration stated in a deed to a third-party purchaser. *See Rosenbaum v. Funcannon,* 308 F.2d 680, 684 (9th Cir. 1962). However, she argues that because she purchased the property, there was no transfer of consideration regardless of the recital in the deed, and, therefore, public policy should allow the substitution of the actual market value after the fire as the consideration of the purchase. Accordingly, she contends that she is entitled to the amount of the debt minus the market value after the fire. Thus, the principal issue for our determination is whether a mortgagee is bound by the recited consideration in a trustee's deed when the mortgagee has purchased the foreclosed property.

▮ Clearly, in suit by the mortgagee against the mortgagor for a deficiency remaining after foreclosure, the mortgagee would be bound by the recital of consideration in the trustee's deed. This result

1. The policy provides:
    This policy, as to the interest of the mortgagee only therein, shall *not be invalidated* by any act or neglect of the mortgagor or owner of the within described property, *nor by a foreclosure or other proceedings or notice of sale relating to the property,* . . .. [emphasis added]

would follow because it has long been held that parol evidence varying the terms of contractual consideration in a deed is inadmissible unless fraud, accident, or mistake is alleged. *East Line & Red River R.R. Co. v. Garrett,* 52 Tex. 133, 139 (1879); *Kahn v. Kahn,* 94 Tex. 114, 58 S.W. 825, 827 (1900); and *Hodge v. Ellis,* 154 Tex. 341, 277 S.W.2d 900, 905 (1955). Consequently, the foreclosure had the effect of reducing the indebtedness by the amount of the consideration recited. A mortgagee's insurable interest under an insurance policy containing a mortgagee loss-payable clause is limited to the indebtedness which the mortgagor owes under the note and mortgage. *Norwich Union Fire Ins. Soc., Ltd. v. Citizens' Building & Loan Ass'n,* 7 S.W.2d 144 (Tex.Civ. App.—Texarkana 1928, err.-ref.) and 5a J. Appleman, *Insurance Law and Procedure,* § 3403 (1970). Campagna voluntarily reduced the indebtedness by an amount reflected in the trustee's deed and, therefore, may recover from the insurer, as from the mortgagor, only that remaining portion of the debt. Accordingly, we hold that the trial court correctly fixed Campagna's recovery in the amount of $408.03.

Judgment affirmed.