**MERRIMACK MUTUAL FIRE INSURANCE COMPANY, Appellant,**

v.

**ALLIED FAIRBANKS BANK, Appellee.**

**No. B14–83–380CV.**

Court of Appeals of Texas, Houston (14th Dist.).

June 28, 1984.

Kent E. Westmoreland, Ross, Griggs & Harrison, William E. Junell, Jr., Reynolds, Allen & Cook, Houston, for appellant.

Robert M. Hardy, Jr., Butler & Binion, Houston, for appellee.

Before ROBERTSON, ELLIS and PAUL PRESSLER, JJ.

## OPINION

ROBERTSON, Justice.

Appellant, Merrimack Mutual Fire Insurance Co., challenges the trial court's reformation of a deed of trust and a promissory note. Because appellant was not a party nor a third party beneficiary of these contracts, we hold that appellant has no standing to contest the trial court's judgment which granted reformation. We affirm the judgment of the court below.

In 1972, Rex N. Smuts and K.W. McDowell executed several notes with appellee, Allied Fairbanks Bank, for the purpose of financing the construction of houses. In 1973, Smuts and McDowell defaulted on the notes. As part of a workout agreement between appellee and Smuts and McDowell, one of the houses constructed through appellee's financing was sold to Bobby and Deborah Cox for a $52,201.98 first lien real estate note payable to McDowell and secured by a deed of trust. McDowell assigned this note and deed of trust to appellee with recourse. On December 12, 1974, appellant issued an insurance policy covering the house sold to the Coxes, which designated appellee as a mortgagee loss payee.

The Coxes defaulted on the note and appellee notified McDowell that it would look to him, as guarantor, to repay the note. Appellee and McDowell and Smuts made the following agreement for the purpose of paying the note: Smuts, acting on behalf of McDowell, was to purchase the house at the foreclosure sale for the amount owing on the note. Appellee agreed to lend Smuts and McDowell the money to purchase the house, plus an additional $4,000 to refurbish the property for resale. Upon resale, the proceeds would be used to pay the new $59,500 note from Smuts and McDowell. Appellee prepared the following foreclosure documents: 1) trustee's deed with a recited consideration of $55,500; 2) promissory note for $59,500 from Smuts and McDowell; and 3) deed of trust and security agreement securing the promissory note.

Legal notices and other requirements were complied with to effectuate a valid foreclosure sale on October 5, 1976. On September 30, 1976 a fire caused extensive damage to the house. The foreclosure sale was conducted using the foreclosure documents which were prepared by appellee

before the fire occurred. After the sale, appellee presented its claim for insurance benefits for the fire damage to appellant. Appellant denied the claim on the ground that all but $101.70 of the original Cox note was paid at the foreclosure sale and that the insurance policy only protected appellee against the amount of deficiency remaining on the note after the sale of the house.

The house was subsequently sold in its damaged condition and net proceeds of about $18,000 were credited on the underlying indebtedness, leaving a balance due of $38,244.79.

Appellee filed suit for reformation of the foreclosure documents on the basis of mutual mistake and to collect its insurance claim against appellant. The jury made the following findings:

1) that after the fire occurred appellee, McDowell and Smuts agreed to Smuts buying the subject property at the foreclosure sale for the amount owed on the Cox note, less the amount of insurance proceeds to be collected by appellee from appellant;

2) the foreclosure documents failed to accurately recite the agreement reached between appellee, McDowell and Smuts; and

3) this failure was the result of a mutual mistake between appellee, McDowell and Smuts.

On the verdict of the jury the trial court rendered judgment that appellee, McDowell and Smuts shall have reformation of the foreclosure documents and said documents shall be reformed as follows:

(a) The handwritten language in the last paragraph of page one of Trustee's Deed, E911450, found at film code number 150–090633 of the Harris County Texas deed records shall read as follows: "... and said property was at such sale knocked down to Rex N. Smuts for the sum of Fifty Five Thousand, Six Hundred and One and 70/100 ($55,601.70) Dollars, cash, less all proceeds to be received by Allied Fairbanks Bank from Merrimack Mutual Fire Insurance Policy No. 1N52–38–59, the said Rex N. Smuts being the highest and best bidder therefor, and...;"

(b) The handwritten language in the fourth paragraph of page two of Trustee's Deed E911450, found at film code number 150–090634 of the Harris County, Texas deed records shall read as follows: "... for and in consideration of the premises and the sum of $55,601.70 cash, less all proceeds to be received by Allied Fairbanks Bank from Merrimack Mutual Fire Insurance Policy No. 1N52–38–59, to me in hand paid by Rex N. Smuts...;"

(c) The handwritten language in the third paragraph of page one of Deed of Trust and Security Agreement E911451, found at film code number 150–09–0637 of the Harris County, Texas deed records shall read as follows: "... in the original principal amount of $59,500.00, less all proceeds to be received by Allied Fairbanks Bank from Merrimack Mutual Fire Insurance policy No. 1N52–38–59, bearing interest at the rate thereon stated ...;"

(d) The handwritten language in the first paragraph of page one of Promissory Note No. 27822 executed by Rex N. Smuts and K.W. McDowell on October 5, 1976, shall read as follows: "... promise to pay to the order of Allied Fairbanks Bank the sum of Fifty Nine Thousand Five Hundred Dollars ($59,500.00), less all proceeds to be received by Allied Fairbanks Bank from Merrimack Mutual Fire Insurance Policy No. 1N52–38–59, together with interest thereon...;"

The trial court awarded appellee $38,244.79 against appellant as the amount of insurance proceeds owed by appellant.

Appellant's first eight points of error contend for various reasons that the trial court erred in granting reformation of the foreclosure documents. The threshold issue presented to us is whether appellant has the right to challenge on appeal the portion of the trial court's judgment which

grants reformation of documents which form part of an agreement to which appellant is neither a party nor a third party beneficiary.

The general rule is that only the parties to a contract have the right to complain of a breach thereof; and if they are satisfied with the disposition which has been made of it and of all claims under it, a third person has no right to insist that it has been broken. *Cantrell v. Broadnax*, 306 S.W.2d 429, 433 (Tex.Civ.App.—Dallas 1957, no writ). A well defined exception is that if one who is not privy to the contract demonstrates that the contract was actually made for his benefit and the contracting parties intended that he benefit by it, he becomes a third-party beneficiary entitled to bring an action on the contract. *Republic National Bank of Dallas v. National Bankers Life Insurance Co.*, 427 S.W.2d 76 (Tex.Civ.App.—Dallas 1968, writ ref'd n.r.e.). In *Graham v. Turcotte*, 628 S.W.2d 182 (Tex.Civ.App.—Corpus Christi 1982, no writ) the mortgagors sued the bank and the bank's attorney, alleging that excessive attorney's fees were charged in the collection of a real estate lien note executed by the mortgagors to the bank. The note provided that the mortgagors would be liable for the attorney's fees expended by the bank in the collection of the note and that the amount of attorney's fees was to be ten percent of the principal and interest on the note. The trial court rendered judgment in favor of the mortgagor against the attorney. The Court of Appeals reversed and rendered because the mortgagor was not a party to the attorney's fee contract and therefore the mortgagor had no right to complain that the amount of attorney's fees agreed to by the bank and its attorney was excessive. The fact that the mortgagor's liability for attorney's fees was directly affected by the attorney's fee contract had no effect on the court's holding that the mortgagor had no standing to contest the attorney's fee contract.

Reformation is an action on a written contract and may be had only by the immediate parties thereto and by those standing in privity with them. Even a person with a substantial interest in the contract may not maintain an action for reformation if he is not a party or privy thereto. *Sims v. Haggard*, 162 Tex. 307, 346 S.W.2d 110 (1961).

Appellant was not a party to the contract between appellee, McDowell and Smuts. Neither is appellant a third party beneficiary of the contract, because the parties did not intend to benefit appellant through the contract. Appellant had no right to maintain an action for breach or reformation of that contract. It necessarily follows that if all the parties to a contract request reformation of the contract, an outsider has no right to oppose it. If a person not in privity to a contract has no right to maintain an action on that contract, he does not have the right to oppose an action by the parties on the contract.

We recognize that the trial court's reformation of the foreclosure documents directly affected appellant's liability on its insurance contract with appellee. But the fact that a party may have a substantial interest in the enforcement or reformation of a contract does not grant him the right to complain concerning the trial court's disposition of the contract. Because appellant is not a party to the contract, it does not have the right to contest the trial court's reformation of documents to correctly reflect the true agreement of the parties. A mortgagor or someone in a position similar to that of appellant's would have standing to assert that the agreement of the parties was fabricated to perpetrate a fraud against him, but appellant has not made any fraud allegations.

We hold appellant has no right to complain of the portion of the trial court's judgment which granted appellee, McDowell and Smuts reformation of their contract. We therefore do not consider appellant's first eight points of error.

Appellant contends in point of error nine that even if it was proper for the trial court to reform the foreclosure documents,

it was error for the trial court to award appellee judgment on the policy against appellant. When an insurance contract contains a loss payable clause, as does the policy of appellee, a mortgagee is limited to recovery from the insurance company of the amount of the deficiency remaining on the note after the foreclosure sale. *Campagna v. Underwriters at Lloyd's London*, 549 S.W.2d 17 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). Appellant argues that the reformation of the foreclosure documents does not alter the amount of appellant's liability under the policy, which it alleges to be the difference between the amount outstanding on the Cox note and the $55,500.00 bid by Smuts at the foreclosure sale, for the reason that $55,500.00 was the amount actually bid by Smuts and appellee had not received any insurance proceeds at the time of the sale. Appellant argues that the insurance proceeds could not be included as part of the bid because the cash had to be paid by 4:00 p.m. on the day of the sale.

Appellant's argument is without merit because the trial court's reformation of the deed of trust had the legal effect of changing the consideration for the sale of the house to $55,601.70 *less* proceeds to be received by appellee from appellant. It is the amount of consideration which the mortgagor receives from the sale which determines the insurer's liability, not the amount bid at the sale. *Campagna*, supra, held that the amount of consideration recited in the trustee's deed is determinative of the insurer's liability.

We overrule point of error nine.

The judgment of the court below is affirmed in all respects.

PAUL PRESSLER, J., not participating.