**Lawrence M. POWERS, Plaintiff,**

**v.**

**BRITISH VITA, P.L.C., Rodney H. Sellers, Francis J. Eaton, Bradley B. Beuchler, TCW Capital, TCW Special Placements Fund I, TCW Special Placements Fund II, Thomas L. Cassidy, W. R. Clerihue, and Spartech Corporation, Defendants.**

**No. 92 CV 4000 MP.**

United States District Court, S.D. New York.

Feb. 11, 1997.

Skadden, Arps, Slate, Meagher & Flom, LLP by Henry P. Wasserstein, Angela G. Garcia, New York City, for Plaintiff.

Milbank, Tweed, Hadley & McCloy by Scott Edelman, Andrew E. Tomback, New York City, for Defendants British Vita, Rodney H. Sellers, and Francis J. Eaton.

Sullivan & Gallion by Susanne M. Toes, Charles Sullivan, Daniel O'Connell, New York City, for Defendants Spartech Corporation, TCW Capital, TCW Special Placements Fund I, TCW Special Placements Fund II, W.R. Clerihue, Bradley B. Buechler, and Thomas L. Cassidy

DECISION ON COUNTS II AND III OF THE COMPLAINT

POLLACK, District Judge.

■ THE COURT: The defendants contend that Count II should be dismissed because Powers, as an option holder, is owed no fiduciary duties. Plaintiff concedes that fiduciary duties are not owed to purchasers of options on the open market for speculative purposes but argues that such duties are owed to employees with "sweat" options. Plaintiff claims that option holders whose options were not purchased on the open market, were exchanged for lending money, but were granted essentially as employee compensation, and held as "investment" equity in Spartech.

■ There is explicit authority that no fiduciary duties are owed to option holders under Delaware law, which is applicable herein. See *Glinert v. Wickes Companies, Inc.*, 1990 WL 34703 (Del.Ch. Mar.27, 1990) ("Under our law, the option feature of these instruments does not qualify for the protections that flow from a fiduciary duty. Our prior cases have held that an option to buy stock in futuro does not make one an equitable stockholder.").

■ The proper inquiry to determine when a fiduciary duty arises was recently outlined by the Delaware Supreme Court in *Simons v. Cogan*, 549 A.2d 300 (Del.1988) (addressing whether the fiduciary duties are owed to owners of convertible debentures). Determining the existence of a fiduciary duty begins with an examination of the nature of the interest or entitlement underlying the security. *Id.* at 303. "Before a fiduciary duty arises, an existing property right or equitable interest supporting such a duty must exist." *Id.* at 304.

Many cases hold that an option contract does not qualify as an equity interest. See *Starkman v. Warner Communications, Inc.*, 671 F.Supp. 297, 304 (S.D.N.Y.1987) ("The [option] instrument stands alone, claiming no equity in the corporation, entitled to no vote, and with no fiduciary obligation of the management to the option holder's interest."); *Gamble v. Penn Valley Crude Oil Corp.*, 104 A.2d 257, 260 (Del.Ch.1954) ("plaintiff was under no obligation to buy any shares from the corporation, and so his status, at least prior to dissolution, was not comparable to that of a subscriber to corporate shares.")

In response, plaintiff points to cases which suggest that options offer many of the features of stock, such as the expectation "to enjoy the advantages of any future increase in value of the shares." *Forman v. Chesler*, 167 A.2d 442 (Del.1961). These similarities have moved other courts to declare warrants a "separate form of equity" different from stock only because it entails "different sized bundles of rights," but still is "calculated to encourage the total flow of capital into corporate aggregations." *Entel v. Guilden*, 223 F.Supp. 129 (S.D.N.Y.1963). Nevertheless, the Delaware Supreme Court in *Simon v. Cogan* specifically addressed and rejected a similar "expansive theory" of what interests are sufficient to warrant the imposition of fiduciary duties. 549 A.2d at 303–04. The Court stated:

> In relying on an expectancy interest created by the conversion feature of the debenture, the Green court misperceives the type of interest required for the imposition of fiduciary duties under Delaware law. As this Court recently noted in *Anadarko Petroleum Corp. v. Panhandle Eastern Corp.*, Del.Supr. 545 A.2d 1171 (1988), a mere expectancy interest does not create a fiduciary relationship. Before a fiduciary duty arises, an existing property right or equitable interest supporting such a duty must exist. The obvious example is stock ownership. Until the debenture is converted into stock, the convertible debenture holder acquires no equitable interest and remains a creditor of the corporation whose interests are protected by the contractual terms of the indenture.

Clearly, any attempt to analogize options to stocks in order to suggest a fiduciary duty are to no avail.

As for the purported distinction between "sweat equity" employee options and options "purchased on the open market for speculative purposes [or] granted as a quid pro quo for lending money," plaintiff does not offer a single case that even suggests this distinction within the context of fiduciary duties. Plaintiff offers no explanation as to why one who receives options as a form of employee compensation differs from one who receives options as a result of lending money to a company; both involve the exchange of value for options directly with the company. I doubt such Delaware cases exist, since a focus on the method of procuring the option interest would run counter to the command in *Simons v. Cogan* to focus upon the "nature of the interest or entitlement" to determine if a fiduciary duty arises.

Plaintiff cites *Gandal v. Telemundo Group, Inc.,* 23 F.3d 539, 543 (D.C.Cir.1994) as supporting the "piggybacking" of an option claim on a stock claim. In *Gandal,* the court noted that a warrant holder who had a contractual right to receive the same merger consideration as shareholders could bring a claim that the Telemundo board breached its fiduciary duty to its stockholders in the merger. Here, there is no alleged breach of fiduciary duty to the stockholders, only to option holders. Moreover, the *Gandal* court went on to note that the "board may owe no fiduciary duty to the warrant holders themselves."

Accordingly, the motion to dismiss count II is granted.

COUNT III—UNJUST ENRICHMENT

■ Defendants also attack Count III for unjust enrichment against defendants British Vita and TCW. They argue that a party cannot seek recovery for unjust enrichment where an express contract is "the measure of plaintiffs' right." *Wood v. Coastal States Gas Corp.,* 401 A.2d 932 (Del.1979). In *Wood,* preferred stockholders felt that their certificate entitled them to a piece of the action in a spinoff of a subsidiary to common stockholders. The Court in *Wood* found that because any claim by the preferred stockholders—including an unjust enrichment claim—would necessarily be predicated on the certificate, there could "be no recovery under an unjust enrichment theory independent of [the contract]." *Id.* at 942. Thus, *Wood* seems to be directly on point and controlling precedent.

■ Plaintiff correctly contends that both an unjust enrichment claim and a contract claim concerning the same transaction may be permitted in some situations but not where "the remedy available at law will afford the plaintiffs full, fair, and complete relief." *Hughes Tool Company v. Fawcett Publications, Inc.,* 315 A.2d 577, 579 (Del. 1974) (allowing equitable claim where it is not clear that disputed copyright could be acquired by an action at law). Powers' contract action could supply him with a complete remedy. Powers seeks the antidilution options which would have maintained his proportional ownership vis-a-vis British Vita and TCW and can gain relief either directly from Spartech based on a contract claim or indirectly from British Vita and TCW through an equitable claim. Plaintiff argues that where there are multiple parties responsible for one harm, a claim against only one of those parties does not afford "complete" relief. He does not, however, offer any precedent in support of this proposition.

■ It is true that the proper measure of recovery for breach of fiduciary duty may be "predicated upon a restitutionary theory of 'unjust enrichment'" independent of the harm suffered by the corporation or the shareholders. *In re Tri–Star Pictures, Inc., Litig.,* 18 Del. J. Corp. L. 347, 358, 1992 WL 37304 (Del.Ch.1992), affirmed in part, 634 A.2d 319 (Del.1993). Thus, plaintiff argues that he is entitled to an accounting. See, e.g., *Harman v. Masoneilan International, Inc.,* 442 A.2d 487, 496–500 (Del.1982).

Besides bottoming their claim to equity upon a questionable breach of fiduciary, plaintiff makes the mistake of confusing the substantive claim of "unjust enrichment" and the restitutionary theory of damages for breach of fiduciary duty based on the concept of unjust enrichment. Although plaintiff

might be entitled to an accounting if he succeeded in showing a breach of fiduciary duty, he cannot maintain a substantive unjust enrichment claim if a contract is the measure of his damages.

Plaintiff also contends that a party may maintain both an equitable remedy and a remedy at law based on one contract, and may elect inconsistent theories even after trial. See *Nova International, Inc. v. American Express Bank Ltd.*, 1996 WL 39317, *5 (S.D.N.Y. Jan.31, 1996) (applying New York law); *Croce v. Kurnit,* 565 F.Supp. 884, 894 (S.D.N.Y.1982) (same).

Admittedly, these cases seem to contradict the doctrine that an equitable remedy may not lie where a remedy at law offers complete relief. Possibly New York law does not impose as rigorous a boundary between equity and law and thus affords greater latitude in bringing equitable actions.

It appears to me that count III fails to state a claim on which relief can be predicated, and accordingly, count III is also dismissed.

So ordered.