James A. COLLINS, et al.

v.

**MORGAN STANLEY DEAN WITTER and Ian C.T. Pereira.**

No. Civ.A. G–99–052.

United States District Court,
S.D. Texas,
Galveston Division.

Aug. 17, 1999.

Patrick Andrew Zummo, Zummo & Perry, Houston, TX, David Burke Harberg, Houston, TX, for plaintiffs.

Robin C Gibbs, Gibbs & Bruns, Houston, TX, Robert Joseph Madden, Gibbs & Bruns, Houston, TX, Kenneth M Kramer, Sherman & Sterling, New York City, for Morgan Stanley Dean Witter, Ian C.T. Pereira, defendants.

David Burke Harberg, Attorney at Law, Houston, TX, for Robert M. Chiste, David J. Atwood, plaintiffs.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

KENT, District Judge.

This case arises out of a contract between Morgan Stanley and Allwaste, Inc. ("Allwaste"), pursuant to which Morgan Stanley provided advice to Allwaste concerning a merger with Philip Services Corp. ("Philip"). The case has been brought by holders of stock options (the "Option Holders") in Allwaste, who claim that Morgan Stanley and Pereira gave bad advice, causing Plaintiffs' options to lose value when the price of Philip's stock dropped after the merger. Plaintiffs allege causes of action grounded in contract, negligence, fraud, and breach of fiduciary duty. Now before the Court is Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint, pursuant to Rule 12(b)(6). For the reasons that follow, Defendants' Motion is **GRANTED.**

### I. FACTS

By agreement dated February 12, 1997 (the "Agreement"), Allwaste engaged Morgan Stanley to evaluate the possible sale of Allwaste and other strategic alternatives. The essence of the Agreement was that Morgan Stanley would provide advice, including a financial opinion letter if requested, to the Allwaste board of directors (the "Board"). The Agreement provided that Morgan Stanley had "duties solely to Allwaste," and that any advice or opinions provided by Morgan Stanley could not be disclosed or referred to publicly without Morgan Stanley's consent.

Pursuant to the Agreement, Morgan Stanley analyzed a proposed merger between Allwaste and Philip. The merger provided that Allwaste and Philip would be merged into a new company to be owned by Philip, and that each share of Allwaste

common stock would be converted into 0.611 shares of Philip common stock.

On March 5, 1997, Morgan Stanley provided the Board with a written fairness opinion, which stated that, based on the information it had reviewed, it was Morgan Stanley's opinion that the number of shares of Philip stock to be received for each share of Allwaste stock was "fair from a financial point of view to the holders of Allwaste Common Stock." Morgan Stanley, however, "express[ed] no opinion or recommendation as to how the holders of Allwaste Common Stock should vote at the stockholders' meeting held in connection with the Merger." The Fairness Opinion expressly stated that Morgan Stanley had "assumed and relied upon without independent verification the accuracy and completeness of the information supplied or otherwise made available to us by [Allwaste] and Philip for the purposes of this opinion." It further stated that it was written "for the information of the Board of Directors of the Company only and may not be used for any other purpose without [Morgan Stanley's] prior consent," except to be included in filings with the Securities and Exchange Commission.

The Fairness Opinion was signed by Pereira, the Morgan Stanley principal with primary responsibility for the Allwaste engagement. According to Plaintiffs' Complaint, Pereira made oral representations to the Board reiterating the conclusions of the Fairness Opinion, and he also allegedly told certain members of the Board that Morgan Stanley had investigated the management of Philip and determined that they were "clean." On June 30, 1997, Morgan Stanley issued an additional fairness opinion, which reached the same conclusions (with the same limitations) as the March 5, 1997 fairness opinion.

The shareholders voted to approve the merger, which was consummated on August 1, 1997. As a result, each share of Allwaste was converted to 0.611 shares of Philip stock. In addition, each option to purchase a share of Allwaste stock was converted to an option to purchase 0.611 shares of Philip stock.

In early 1998, Philip disclosed that it had filed inaccurate financial statements for several years. This revelation led to a sharp decrease in the price for Philip common stock. Plaintiffs' Complaint alleges that Morgan Stanley and Pereira failed to conduct adequate investigation into Philip and failed to inform the Board of the problems that ultimately led to the decline in Philip's stock price and the value of Plaintiffs' options.

## II. STANDARD OF REVIEW FOR MOTION TO DISMISS

When considering a Motion to Dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the Complaint, and views them in the light most favorable to the plaintiff. *See Malina v. Gonzales,* 994 F.2d 1121, 1125 (5th Cir.1993). Such motions should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994).

## III. ANALYSIS

### A. Contract Based Claims

Plaintiffs allege breach of contract and breach of warranty claims against Defendants. As a preliminary matter, the Court notes that the parties disagree as to whether New York or Texas law governs these claims. The Court need not resolve this issue, however, as the applicable law of both states pertaining to contract based claims is substantially identical in relevant part.

■ In order to maintain a breach of contract or breach of warranty cause of action under Texas or New York law, a plaintiff must be either in privity of contract with the defendant or a plaintiff must

be a third party beneficiary of the contract at issue. *See Suffolk County v. Long Island Lighting Co.*, 728 F.2d 52 (2d Cir. 1984); *Mandell v. Hamman Oil and Refining Co.*, 822 S.W.2d 153, 161 (Tex. App.—Houston [1st Dist.] 1991, writ denied) (citing *Hellenic Inv., Inc. v. Kroger Co.*, 766 S.W.2d 861, 864–65 (Tex.App.—Houston [1st Dist.] 1989, no writ), *Major Inv., Inc. v. De Castillo*, 673 S.W.2d 276, 279 (Tex.App.—Corpus Christi 1984, writ ref'd n.r.e.)). As Plaintiffs were not contracting parties, they can only state a contractual claim if they fall within the category of intended beneficiaries. Under New York law, "it must clearly appear from the provisions of the contract that the parties thereto intended to confer a direct benefit on the alleged third-party beneficiary." *Paradiso v. Apex Investigators & Sec. Co.*, 91 A.D.2d 929, 458 N.Y.S.2d 234, 235 (1983) (quotation marks and citation omitted). Similarly, under Texas law, a contract will not be interpreted as having been made for the benefit of a third party unless it clearly appears that was the intention of the parties to the contract, and any doubt is resolved against a finding that the party was intended to be a third party beneficiary. *Texas Bank & Trust Co. v. Lone Star Life Ins. Co.*, 565 S.W.2d 353, 357 (Tex.Civ.App.—Tyler 1978, no writ).

■ In the instant case, the Agreement between Allwaste and Morgan Stanley makes no reference to the Option Holders and shows no intent to confer a benefit on them. To the contrary, the Agreement states that Morgan Stanley is to "evaluate strategic alternatives for the *Company*." (Emphasis added). It anticipates that advice, including a fairness opinion, will be provided to Allwaste, through its Board, in order to guide the Board's decision whether to go forward with the Merger. It expressly states that Morgan Stanley will act "with duties solely to Allwaste", and that "any opinions or advice provided by Morgan Stanley may not be disclosed or referred to publicly or to any third party except in accordance with our prior written consent." The Fairness Opinion, addressed solely to the Board, contains similar provisions and expressly states that it is "for the information of the Board of Directors of the Company only and may not be used for any other purpose without prior consent ..." In essence, rather than showing a clear intent to confer a benefit on the Option Holders, the language of the Agreement and Fairness Opinion shows a clear intent not to create third party beneficiaries. *See Goldberg v. R.J. Longo Const. Co., Inc.*, 54 F.3d 243, 247 (5th Cir.1995) (summary judgment for defendant was proper where intended beneficiaries were explicitly identified and plaintiff was not among them); *Edward B. Fitzpatrick Jr. Constr. Corp. v. Suffolk County*, 138 A.D.2d 446, 525 N.Y.S.2d 863, 866 (1988) (dismissal of plaintiff's complaint was proper on third-party beneficiary claim where contract stated that services would run directly to other contracting party). The Option Holders, who were neither named in the Agreement or Fairness Opinion nor entitled to vote on the Merger, were at most incidental beneficiaries of the Agreement and therefore are not entitled to bring contract based claims. *See Merrimack Mutual Fire Ins. Co. v. Allied Fairbanks Bank*, 678 S.W.2d 574, 577 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *M.E. Sandlie Trust v. Pioneer Nat'l Title Ins. Co.*, 648 S.W.2d 761, 762 (Tex.App.—Corpus Christi 1983, no writ) (holding that one who is benefitted incidentally by performance of a contract may not seek enforcement of the contract). Accordingly, Defendants' Motion to Dismiss Plaintiffs' breach of contract and breach of warranty claims is hereby **GRANTED,** and those claims are **DISMISSED WITH PREJUDICE.**

## B. Negligence Based Claims

Plaintiffs allege causes of action for "Professional Negligence" and "Negligent Misrepresentation." Defendants assume, solely for the purpose of their Motion and without waiving their right to raise the issue later, that Texas rather than New

York law applies to all of Plaintiffs' remaining claims.

Texas has adopted the Restatement (Second) of Torts § 552 with respect to claims based on the negligent statements of a professional. *See Scottish Heritable Trust, PLC v. Peat Marwick Main & Co.,* 81 F.3d 606, 612 (5th Cir.1996). The Restatement provides, in relevant part:

> (1) One who, in the course of his business, profession or employment ... supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered:
>
>> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply it; and (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.

An essential element of Plaintiffs' claims, then, is that they "justifiably rel[ied] on the information that the defendant [allegedly] negligently misrepresent[ed]." *Scottish Heritable Trust, PLC,* 81 F.3d at 614–15; *see also Federal Land Bank Ass'n of Tyler v. Sloane,* 825 S.W.2d 439, 442 (Tex. 1991) (plaintiff must prove damages caused by justifiable reliance on the alleged misrepresentation).

Plaintiffs have not and cannot show that they justifiably relied on the allegedly negligent statements made by Defendants. The Option Holders were not recipients of the Fairness Opinion or of Pereira's alleged oral representations about Philip's management. They had no right to vote on the Merger or to take any other action based on Morgan Stanley's or Pereira's alleged misrepresentations. "Because [Plaintiffs] did not have the authority or discretion to act, [they] could not, as a matter of law, have made any decision in reliance on [Defendants' representations]." *Nationsbank of Texas, N.A. v. McGraw–Hill Cos.,* No. H–94–0882 at 21 (S.D.Tex. Dec. 12, 1996) (citing *Moore Burger, Inc. v. Phillips Petroleum Co.,* 492 S.W.2d 934, 937 (Tex.1972), *aff'd,* 136 F.3d 136, 1998 WL 29983 (5th Cir. Jan. 5, 1998) (per curiam); *cf. Rumfield v. Rumfield,* 324 S.W.2d 304, 306 (Tex.Civ.App.—Amarillo 1959, writ ref'd n.r.e.) (holding that an alleged misstatement must "defeat or materially impair freedom of consent of the grantor").

Plaintiffs' attempt to show reliance by pointing to the actions of former Allwaste Chairman R.L. Nelson, Jr., one of the Plaintiff Option Holders, cannot save their claim. Plaintiff Nelson could only receive and consider the Morgan Stanley information in his capacity as a member of the Board. Similarly, he voted on the merger solely as a Board member, not as an Option Holder. When deciding how to vote, Nelson was required to act solely in the interest of the corporation and its shareholders without considering his own interests, including his interests as an Option Holder. *See Aronson v. Lewis,* 473 A.2d 805, 812, 816 (Del.1984) (director must take action that is in the best interests of the company, and may not consider any "extraneous considerations or influences").

Plaintiffs' claim also fails as they have not demonstrated that they are part of a "limited group of persons for whose benefit and guidance [the Defendants] intend[ed] to supply [their advice]." Restatement (Second) of Torts § 552. As previously stated, it is clear from the Agreement and Fairness Opinion that Morgan Stanley supplied its information to the Board with the intent to benefit the company and the shareholders, not the Option Holders.

Accordingly, Defendants' Motion to Dismiss Plaintiffs' negligence claims is **GRANTED** and those claims are **DISMISSED WITH PREJUDICE.**

## C. Fraud Claims

 Plaintiffs allege a cause of action for fraud. The elements of fraud are that: (1) the defendant made a material misrepresentation, (2) the representation was false, (3) the defendant made the statement with knowledge that it was false or made it recklessly without any knowledge of its truth, (4) the defendant made the statement with the intention that it should be acted on by plaintiff, (5) the plaintiff acted in reliance on the misrepresentation, and (6) the plaintiff thereby suffered injury. *See, e.g., T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex.1992). Plaintiffs' Complaint fails to satisfy the fourth and fifth elements. As the Option Holders were not entitled to vote or otherwise act on Morgan Stanley's advice, Morgan Stanley could not have intended that they do so. Along those same lines, Plaintiffs have not shown that they acted or failed to act based Morgan Stanley's advice, thus they have failed to show they relied upon the alleged misrepresentations. Accordingly, Defendants' Motion to Dismiss Plaintiffs' fraud claims is hereby **GRANTED,** and those claims are **DISMISSED WITH PREJUDICE.**

## D. Breach of Fiduciary Duty Claims

 Plaintiffs allege a cause of action for breach of fiduciary duty. A fiduciary relationship may arise "where the parties are 'under a duty to act for or give advice for the benefit of another upon matters within the scope of their relation.'" *ARA Automotive Group v. Central Garage, Inc.*, 124 F.3d 720, 723 (5th Cir.1997) (quoting *Texas Bank & Trust Co. v. Moore*, 595 S.W.2d 502, 507 (Tex.1980)). Under Texas law, however, "a fiduciary duty will not be lightly created." *Floors Unlimited, Inc. v. Fieldcrest Cannon, Inc.*, 55 F.3d 181, 188 (5th Cir.1995).

Plaintiffs have alleged no facts that give rise to a fiduciary relationship between Morgan Stanley and the Option Holders. Morgan Stanley expressly stated in its Agreement with Allwaste that it had "duties solely to Allwaste." The advice provided by Morgan Stanley regarding the fairness of the proposed merger to the shareholders did not consider the fairness of the merger to the Option Holders. The conclusion that Morgan Stanley owed no fiduciary duty to the Option Holders is further supported by the fact that not even the Board owed a fiduciary duty to the Option Holders. *See Powers v. British Vita, P.L.C.*, 969 F.Supp. 4, 5 (S.D.N.Y. 1997). As Defendants correctly point out, it would be illogical to conclude that an investment bank hired by the Board, to provide services for the Board, owed a fiduciary duty to option holders to whom the Board did not even owe such a duty. Accordingly, Defendants' Motion to Dismiss Plaintiffs' claims based on breach of fiduciary duty is hereby **GRANTED** and those claims are **DISMISSED WITH PREJUDICE.**

## IV. CONCLUSION

Plaintiffs' Counsel are to be commended on their zealous advocacy and their admirable efforts to state a viable cause of action on behalf of the Option Holders. Unfortunately, however, Plaintiffs' well-written Response and thoughtful analysis of the law cannot overcome the fundamental flaws that touch each of Plaintiffs' alleged causes of action. Simply put, Plaintiffs were not in privity of contract with Defendants, they were not intended beneficiaries of Defendants' Agreement or Fairness Opinion, and they were neither entitled to rely nor did they rely on the alleged misrepresentations of Defendants. Because Plaintiffs have therefore failed to allege facts sufficient to support any of their causes of action, Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) is hereby **GRANTED** and Plaintiffs' claims are **DISMISSED WITH PREJUDICE** against all Defendants. Furthermore, Plaintiffs are hereby **ORDERED** to file nothing further regarding the issues addressed in this Order, including motions to reconsider and the like, unless supported by *compelling* new evidence not available at the time of the instant submissions. Instead, Plaintiffs are instructed to seek

any further relief to which they may feel they are entitled, on any matter herein addressed, from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

IT IS SO ORDERED.

## FINAL JUDGMENT

For the reasons set forth in the Court's Order entered this date, Defendants' Motion to Dismiss is hereby **GRANTED.** All claims against Defendants are **DISMISSED WITH PREJUDICE.** All parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date.

**THIS IS A FINAL JUDGMENT.**

**IT IS SO ORDERED.**