Ira Sussman and Morris BECHER, Plaintiffs–Appellants,

v.

TYCO INTERNATIONAL LTD., formerly known as ADT Limited and Tyco International (US) Inc., Defendants–Appellees.

Docket No. 01–7072.

United States Court of Appeals, Second Circuit.

Nov. 14, 2001.

Mark Landau, Kaplan, Thomashower & Landau LLP; Rachel Schwartz, on the brief, New York, NY, for plaintiffs-appellants.

Francis P. Barron, Cravath, Swaine & Moore; Amy H. Candido, Adam S. Hickey, on the brief, New York, NY, for defendants-appellees.

Present POOLER, Circuit Judge,* HURD, District Judge.**

**SUMMARY ORDER**

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED that the

judgment of the District Court be and it hereby is **AFFIRMED.**

Plaintiffs-appellants Ira Sussman and Morris Becher appeal from the December 29, 2000, judgment of the United States District Court for the Southern District of New York (Denise Cote, *Judge*) granting summary judgment to defendants Tyco International Ltd., et al. (collectively, "Tyco") in this diversity-based lawsuit concerning, among other things, breach of contract and fraud. Plaintiffs worked for Armin Plastics, Inc. ("Armin"), a subsidiary of Tyco, and they participated in Tyco's stock option plan. In August 1995, Tyco granted each plaintiff several thousand stock options. According to a company schedule, one-fifth of the options vested annually, and each plaintiff could exercise 50 percent of his vested options after three years and 100 percent of his vested options after five years. On July 2, 1997, Tyco merged with ADT Ltd., and according to plaintiffs ADT rather than Tyco was the corporation that survived the merger. Based on the facts of the merger, plaintiffs claim that they were entitled to exercise stock purchase options pursuant to Section 2.6(a)(1) of the stock option plan. Section 2.6(a)(1) provides generally that "the Optionee may conditionally purchase any or all optioned Shares during the period commencing twenty-seven (27) days and ending seven (7) days prior to the scheduled effective date of a merger ... wherein the Company is not to be the surviving corporation...." Plaintiffs allege, however, that Tyco officials affirmatively misled them regarding the merger and whether Tyco was the surviving corporation of the merger.

---

* The Honorable Robert A. Katzmann of the United States Court of Appeals for the Second Circuit was originally assigned as a member of the panel, but recused himself prior to oral argument and did not participate in the appeal. The appeal is being determined by the remaining members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b); *Murray v. National Broad. Co.*, 35 F.3d 45, 46 (2d Cir.1994).

** The Honorable David N. Hurd of the United States District Court for the Northern District of New York, sitting by designation.

Plaintiffs did not conditionally purchase any options at the time of the merger and continued to work for Tyco. In January 1998, each plaintiff signed an enhanced separation and general release agreement with Armin. According to the release, plaintiffs gave up "any and all claims based on the design or administration of any Released Party employee benefit plan or program, and all claims under any Released Party policy, procedure, or employee benefit plan (other than claims for amounts to which Releasing Party is vested in the Released Party's benefit plans as of the Separation Date)." As consideration for signing the release, Tyco paid each plaintiff a sum equal to 18 months salary.

Plaintiffs filed a lawsuit in federal court on May 5, 2000, in order to recover the stock options that they claim vested under the merger provision, Section 2.6(a)(1), of the stock option plan. Defendants argued that plaintiffs released Tyco from any claims and that because the options were not vested, plaintiffs' lawsuit did not fall within any exception to the release. The district court denied defendants' initial motion to dismiss the complaint and made several discovery rulings. Defendants moved for summary judgment in October 2000, and the district court ruled in favor of defendants in an oral decision on December 21, 2000. Plaintiffs now appeal. Review of a grant of summary judgment is *de novo*.

■ Plaintiffs principally contend that the release does not bar their lawsuit because Section 2.6(a)(1) of the stock option plan gave them a vested right to exercise their stock options, regardless of whether the options themselves were vested. According to plaintiffs, their right to exercise the options was complete and not subject to any condition precedent, and the Tyco board of directors had no authority to take away their right to exercise

merger-related stock options. We disagree with plaintiffs' interpretation of the release agreement and stock option plan. Because Section 2.6(a)(1) did not create any "vested right," the narrow exception in the release for vested amounts in employee benefit plans does not save plaintiffs' lawsuit. The plain language of Section 2.6(a)(1) provides that in the event of a merger, option-holders such as plaintiffs have a 20–day window in which they may purchase any or all of their optioned shares even though they may not have been entitled to make the purchase according to the normal schedule of vesting and exercise rights. This time-limited opportunity does not create any right, vested or otherwise, that survives the 20–day window. The language of sections 2.5 and 2.6(b) and (c) of the plan fully support this interpretation of the plan language. Furthermore, we reject plaintiffs' efforts to incorporate extrinsic documents such as "Questions & Answers about Your Tyco Stock Options" and the plan information statement to support their reading of Section 2.6(a)(1). These documents do not contradict the plan language that applies to the special circumstance of company mergers. Consequently, because the contracts at issue are unambiguous, their interpretations present questions of law and summary judgment was appropriate. *See Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 573 (2d Cir.1993). The release that plaintiffs signed is binding. Because we find that the language of the stock option plan and release are unambiguous and defeat plaintiffs' claims, we hold that the district court did not abuse its discretion in denying plaintiffs' additional discovery requests.

■ Plaintiffs next argue that the release does not apply to Tyco but only to its subsidiary, Armin. Again, we reject plaintiffs' interpretation of the release contract,

which in its entirety clearly involves any claims against not only the Released Party, which is defined as Armin, but also Armin's "parents, affiliates, divisions, successors, assigns, officers, directors, employees, and/or agents." Tyco falls within this language.

Finally, plaintiffs contend that the release has no effect because Tyco obtained it fraudulently and in breach of its fiduciary duty. Courts will not enforce a release that is the product of fraud. *See Allen v. WestPoint–Pepperell, Inc.,* 945 F.2d 40, 44 (2d Cir.1991); *see also Mullen v. New Jersey Steel Corp.,* 733 F.Supp. 1534, 1548 (D.N.J.1990) (citing New Jersey law, which the parties agree applies to their dispute). However, plaintiffs failed to allege any fraud in the inducement of the release itself because they only claim that Tyco misled them regarding the triggering of Section 2.6(a)(1). Moreover, at the time plaintiffs signed the release in January 1998, they were fully aware of all factual bases they now claim for their allegations of fraud. In any event, the broad language of the release encompasses even unknown claims. We agree with the district court that these circumstances, combined with the fact that plaintiffs collected 18 months worth of salary as consideration for signing the release, work to ratify the agreement. *See Mullen,* 733 F.Supp. at 1548. We also refuse to find that a fiduciary relationship existed between employer Tyco and its option-holder employees. *See Powers v. British Vita, P.L.C.,* 969 F.Supp. 4, 5–6 (S.D.N.Y.1997); *see also In re Cendant Corp. Sec. Litig.,* 76 F.Supp.2d 539, 550 (D.N.J.1999).

We have considered all of plaintiffs-appellants' remaining arguments and find them to be without merit.