

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00079-CV

_____

JAVIER JAIMES, Appellant

V.

ZENAW MERSHA, Appellee

On Appeal from the County Court at Law No. 2
Travis County, Texas
Trial Court No. C-1-CV-15-005652

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

On January 23, 2009, Zenaw Mersha and Javier Jaimes signed a lease agreement[1] under which Jaimes would pay rent and occupy two adjoining lots (the Property) in Austin.[2] The parties ended up disputing[3] the term of the lease and the payment of rentals under it. Ultimately,[4] Mersha won a judgment from the Travis County Court at Law Number 2 awarding him possession of the property, back rents of $6,975.00, attorney fees through trial of $2,700.00, court costs, and

---

[1]When the parties entered into the 2009 lease, the Property was owned by Abera Mersha, the brother of Appellee Zenaw Mersha. Zenaw, not Abera, signed the 2009 lease agreement, and Zenaw contends he did so as an agent for his brother. At the time of trial, Zenaw had purchased the property from his brother; however, the Property was under contract to be sold to a third party. Throughout this opinion, we refer to Zenaw Mersha as Mersha.

[2]Originally appealed to the Third Court of Appeals in Austin, Texas, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2013). Because this is a transfer case, we apply the precedent of the Austin Court of Appeals to the extent it differs from our own. *See* TEX. R. APP. P. 41.3.

[3]In 2013, Jaimes asked Mersha if he would allow him to remain on the Property for an additional two years because the Department of Motor Vehicles required that he remain on the Property for two more years in order to be able to renew his license to sell pre-owned vehicles. At trial, Mersha testified that he agreed to Jaimes' request and extended the lease agreement to January 2015. Mersha also maintains that he asked for a fifteen per cent increase in rent for 2014, an increase Mersha contends the parties had anticipated in the 2009 lease. Jaimes contends there was a written agreement verifying his position, but that Mersha refused to provide it to him. There is no written document in evidence reflecting the agreement to extend the lease or its terms.

Mersha placed the Property on the market toward the end of the one-year extension, and it was at that time he found the condition of the house had deteriorated to a point that it had to be demolished. Mersha stated that Jaimes was interested in buying the Property; however, he would only do so in the event Mersha financed the deal. This proposal was not acceptable to Mersha, so he continued to market the Property. Mersha claims that Jaimes threatened any prospective purchasers and disparaged the Property in an attempt to stall its sale. In February 2015, Mersha agreed to sell the Property to another buyer.

[4]In March 2015, Mersha filed an unsuccessful forcible detainer suit under cause number J4-CV-15-000485 in the Justice Court, Precinct 4, Travis County, Texas. Mersha contends that, following the first unlawful detainer action, Jaimes failed to pay the rent for the month of May until after he received a May 14, 2015, notice that he was in default for non-payment. On May 26, 2015, Mersha filed a second forcible detainer action in justice court maintaining that Jaimes had failed to pay rent. This time, the justice court ruled in Mersha's favor. On July 13, 2015, Jaimes left a $1,500.00 money order in Mersha's mailbox, but did not speak to Mersha about the payment. Mersha stated that he was uncertain as to whether the payment was for June rent or July rent and that he did not deposit the money order.

On August 7, 2015, Jaimes filed a de novo appeal to the county court at law. The county court at law ruled in Mersha's favor, awarding him possession of the Property, along with back rent and attorney fees.

conditional appellate attorney fees. Jaimes urges on appeal that Mersha had no standing to bring the action in the first place, that Jaimes had the right to possession, that he was wrongly denied a continuance, that evidence was wrongly excluded, and that attorney fees were improperly awarded. We affirm the judgment because (1) Mersha had standing to bring this action for forcible detainer, (2) without evidence of Jaimes' current right to possession, the possession issue is moot, and (3) Jaimes preserved no appellate issue on attorney fees.

Neither party requested post-judgment findings of fact and conclusions of law, and none were entered.[5] Accordingly, the trial court's judgment in favor of Mersha implies all findings necessary to support it, provided necessary findings are raised by the pleadings and supported by

---

[5]At the conclusion of the presentation of evidence, the county court at law orally held,

> Mr. Jaimes, you are not -- from the Court's view, I don't view you as being dishonest. I don't view you as being a fraud. But I do view the absence of paying rent in a timely fashion based on the agreement to be -- it restricts and handcuffs this Court to following, obviously, the law.
>
> That being said, because the rent wasn't tendered in the time period in which it was supposed to be tendered, I'm going to award possession to the landlord, Mr. Mersha. I'm ordering back rent to be paid at $6,975. And those funds can be secured -- actually -- or part of them from what has already been tendered to the registry of the court and the order should reflect that.
>
> I am going to ask that Mr. Mersha return the $1,500 check that's sitting in his hands and return that to you. So I'm not sure how that's going to play out on a money order but you-all have to deal with it.
>
> I am going to award attorney's fees of $2,700. And alternate fees in the event of an appeal. $5,000 to the Court of Appeals and $5,000 to the Supreme Court.
>
> The supersedeas bond I will put at $17,250.
>
> You have the right to seek counsel and to appeal my decision. There's a certain time period in which you have to do that. And I suggest that you seek counsel immediately so that if you want to proceed on an appeal of this decision, you may do so.

A court of appeals is not entitled to look to the trial court's comments at the conclusion of a bench trial as a substitute for findings of fact and conclusions of law. *In re W.E.R.*, 669 S.W.2d 716 (Tex. 1984).

the admissible evidence. *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). The trial court's decision can be sustained on any reasonable theory consistent with the evidence and the governing law. *Friedman v. New Westbury Vill. Assocs.*, 787 S.W.2d 154, 157–58 (Tex. App.—Houston [1st Dist.] 1990, no writ). With the benefit of a reporter's record, however, the implied findings are not conclusive and may be challenged for sufficiency of the evidence to support them. *Marchand*, 83 S.W.3d at 795. Customary review standards for the sufficiency of the evidence determine whether those implied findings should stand. *Doe v. Tarrant Cty. Dist. Attorney's Office*, 269 S.W.3d 147, 151 (Tex. App.—Fort Worth 2008, no pet.). When the implied findings involve mixed questions of law and fact, we review the findings under an abuse of discretion standard, deferring to the implied fact-findings if supported by the evidence, but considering the legal determinations de novo. *Becton Dickinson & Co. v. Usrey*, 57 S.W.3d 488, 493 (Tex. App.—Fort Worth 2001, no pet.).

A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). Such cause of action depends on the existence of a landlord-tenant relationship. *Haith v. Drake*, 596 S.W.2d 194, 196 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). A forcible detainer action is designed to be a quick, simple, and inexpensive means to determine who is entitled to immediate possession of property without resorting to an action on the title. *McGlothlin v. Kliebert*, 672 S.W.2d 231, 232 (Tex. 1984) (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818 (Tex. 1936)). To prevail in a forcible detainer action, a plaintiff is required to show sufficient evidence of a superior right to possession. *Rice*, 51 S.W.3d at 709.

4

*(1)*     *Mersha Had Standing to Bring this Action for Forcible Detainer*

Jaimes maintains that Mersha did not have standing to enforce the lease agreement or to pursue a forcible detainer action because he was not a party to the lease. We disagree.

Standing is a constitutional prerequisite to maintaining a suit under Texas law and is a necessary component of a court's subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex. 1993). Standing cannot be waived and may be raised for the first time on appeal by the parties or by the court. *Id*. at 445. Standing requires the claimant to demonstrate a particularized injury distinct from that suffered by the general public. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555–56 (Tex. 2000). The claimant must have an actual grievance, not one that is merely hypothetical or generalized. *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001). We review de novo the issue of standing. *Tex. Dep't of Transp. v. City of Sunset Valley*, 146 S.W.3d 637, 646 (Tex. 2004).

Specifically, Jaimes argues that this lawsuit is based on an alleged breach of a written lease agreement between Jaimes, as the tenant, and Mersha's brother, Abera, as the landlord. Jaimes contends that, because the lease agreement did not provide that Mersha was a party to the lease, he had no standing to enforce the lease contract or proceed with a forcible detainer action. In response, Mersha maintains that (1) he was named as the landlord's agent in the 2009 lease contract, (2) he owned the Property at the time of trial, and (3) he had been assigned the lessor's rights in the 2009 lease contract. Mersha contends that, based on these facts, he had standing to file the forcible detainer action against Jaimes. We agree.

5

Jaimes cites multiple cases pertaining to the issue of standing when a party has alleged a breach of contract claim.[6] This case is not one for breach of contract, but is a forcible detainer cause of action. The central issue in a forcible detainer action is which party has a superior right to immediate possession of the premises. *Gibson v. Dynegy Midstream Servs., L.P.*, 138 S.W.3d 518, 522 (Tex. App.—Fort Worth 2004, no pet.).

The evidence shows that Mersha originally managed the Property and was an agent for his brother, Abera. The 2009 lease agreement shows (1) that Mersha was the "Landlord or Agent" who signed the lease agreement, (2) that each brother's name was typed under the signature line on the 2009 lease document, and (3) that Jaimes signed the document as the tenant January 23, 2009. Further, it is undisputed that Mersha had become the titleholder of the property by the time of the forcible detainer hearing and that Abera had assigned the 2009 lease agreement to Mersha when title was transferred to him.

It is not necessary for Mersha to prove that he had title to the property at the time Jaimes entered into the lease agreement in 2009. He need show only "sufficient evidence of ownership to demonstrate a superior right to immediate possession." *See Rice*, 51 S.W.3d 705. As his brother's agent in 2009 and as the successor owner at the time of the unlawful detainer action, Mersha clearly had an actual grievance against Jaimes, not one that was merely hypothetical or generalized. *See Brown*, 53 S.W.3d at 302.

---

[6]*See OAIC Commercial Assets v. Stonegate Vill.*, 234 S.W.3d 726, 738 (Tex. App.—Dallas 2007, no pet.); *accord Pagosa Oil & Gas v. Marrs & Smith*, 323 S.W.3d 203, 211 (Tex. App.—El Paso 2010, pet. denied); *Maddox v. Vantage Energy*, 361 S.W.3d 752, 756–57 (Tex. App.—Fort Worth 2012, pet. denied); *see also Merrimack Mut. Fire Ins. v. Allied Bank*, 678 S.W.2d 574, 577 (Tex. App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.).

Mersha had standing to pursue the forcible detainer action against Jaimes.

*(2)        Without Evidence of Jaimes' Current Right to Possession, the Possession Issue Is Moot*

Mersha maintains that, under *Marshall v. Housing Authority of the City of San Antonio*, the issue of possession is moot. *See Marshall v. Housing Auth. of the City of San Antonio*, 198 S.W.3d 782 (Tex. 2012). That case stands for the proposition that, to appeal an adverse forcible detainer judgment, one opposing an owner's or landlord's right to possession must have an existing meritorious claim to possession of the property; otherwise, his or her issue is moot. *See id.* at 787. The mootness question on the issue of the right of possession is not whether there is actual possession or whether a supersedeas bond was posted, but whether there was a valid right of possession. *Id.* In that case, as in this one, the evidence was clear that the lease had expired, and so had the former tenant's right to possession of the property.

Here, no evidence established any extension of the lease beyond January 31, 2015. Although Jaimes argued that Mersha had agreed to a two-year extension to January 31, 2016, there is no evidence in the record to support his contention.[7]

---

[7]In his brief to this Court, Jaimes points to page eighty-three of the trial transcript in support of his contention that he *testified* to the fact that the extension was for a period of two years. A review of page eighty-three of the transcript reflects Jaimes informing the trial court that there was a written extension of the lease and that Mersha "is saying there's no extension." To the contrary, Mersha testified that there was an oral extension, but that it was only for a period of one year. While Jaimes argued with Mersha about the length of the extension during his cross-examination of Mersha and that Mersha had refused to give him a copy of the document (that Mersha claimed was non-existent), we cannot find in the transcript where any witness, including Jaimes, *testified* that the term of the extension was for two years, regardless of whether it was an oral agreement or a written one.

The record also reflects that Jaimes misinterpreted the length of the extension due to the fact that he asked Mersha for a two-year extension, but did so in 2013. The 2009 lease agreement was to terminate in 2014, so at the time he made his request, Jaimes was asking to remain on the Property for two more years. It appears he failed to understand that there remained one year on the 2009 lease and that the actual extension was only for a year, not for two, and would terminate in 2015 as opposed to 2016.

The remainder of Jaimes' testimony, his cross-examination of Mersha, and his argument to the trial court related to his allegation that Mersha had agreed to sell the Property to Jaimes but that Mersha failed to keep up his end of the bargain and entered into a contract to sell the Property to a third party.

There no longer exists a controversy regarding which party has superior right of possession to the Property.[8]

*(3)     Jaimes Preserved No Appellate Issue on Attorney Fees*

Jaimes also contends, however, that the evidence was legally insufficient to support the award of attorney fees in favor of Mersha. Jaimes has not conceded this issue, so it remains viable and must be addressed. Under this set of circumstances, we will not vacate the portion of the judgment resolving the possession dispute (as the court was required to do in *Marshall*) because it is the basis of the continuing controversy regarding the recovery of attorney fees.

Generally, the party seeking to recover attorney fees bears the burden of proving that they are reasonable and necessary. *Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 10 (Tex. 1991), *modified on other grounds by Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299 (Tex. 2006); *Corpus Christi Dev. Corp. v. Carlton*, 644 S.W.2d 521, 523 (Tex. App.—Corpus Christi 1982, no writ); *Bavarian Autohaus, Inc. v. Holland*, 570 S.W.2d 110, 116 (Tex. Civ. App.—Houston [1st Dist.] 1978, no writ)). In this case, the trial court was required to award attorney fees to Mersha because he prevailed in his forcible detainer action against Jaimes. *See* TEX. R. CIV. P. 510.8(b).[9] In accordance with Rule 510.8(b), the trial court awarded attorney fees in the amount of $2,700.00.

---

[8]Because the issue of possession is moot, Jaimes' arguments relating to the trial court's alleged errors of refusing to admit evidence of the parties' negotiations for the sale of the Property and denying Jaimes' motion for a continuance, are also moot.

[9]"If the judgment is in favor of the plaintiff, the judge *must* render judgment for plaintiff for possession of the premises, costs, delinquent rent as of the date of the entry of judgment, if any, and attorney fees if recoverable by law." TEX. R. CIV. P. 510.8(b) (emphasis added). A landlord may recover attorney fees in an eviction suit only if the lease provides for attorney fees or if the landlord delivers to the tenant a written demand to vacate stating "that if the tenant does not vacate the premises before the 11th day after the date of receipt of the notice and if the landlord files suit, the landlord may recover attorney's fees." TEX. PROP. CODE ANN. § 24.006(a) (West 2014). Jaimes has not argued, at trial or on appeal, that Mersha failed to comply with Section 24.006.

It also awarded "alternate fees" in the event of an appeal in the amount of $5,000.00 and awarded Mersha an additional $5,000.00 if the case was presented to the Texas Supreme Court. Jaimes did not object to the trial court's ruling.

As a prerequisite to this Court's review, the record must show that Jaimes raised the matter with the trial court in the form of a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a). The trial court must rule on the party's objection or request, either expressly or implicitly; or refuse to rule on the request or objection, and the complaining party must have objected to the refusal. TEX. R. APP. P. 33.1(a)(2). In this case, the record reveals no such effort by Jaimes. Likewise, Jaimes did not file a motion for new trial or otherwise raise this issue to the trial court in a post-judgment filing. Therefore, Jaimes' complaint regarding the trial court's award of attorney fees was not preserved for our review.

We affirm the judgment of the trial court.


Josh R. Morriss, III
Chief Justice


Date Submitted:     March 11, 2016
Date Decided:       May 6, 2016


9